MUTUAL RICE Co., INC., Plaintiff and Appellant, *v.* MIGUEL TRUYOL, Defendant and Appellee.

No. 5459. Argued January 24, 1934.—Decided March 9, 1934.

*Besosa & Besosa* for appellant. *T. Bernardini de la Huerta* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1917 the Legislature made available to every appellant at his option an alternative method of appeal. (Code of

Civil Procedure, 1933 ed., p. 285). It provided for a transcript of the stenographic record to be prepared by the court stenographer and delivered to the clerk. It further provided that the judge should fix a day for a hearing after notice to the parties before approving the transcript and that: "On the day set for its approval the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, rulings and statements of the court, and of all objections and exceptions of the attorneys and of the particulars in connection therewith."

In the instant case, the district judge at the instance of the appellee struck from the files a transcript certified by the court stenographer as follows:

"I, Gonzalo Arán y Soler, Stenographer of the District Court for the Judicial District of Guayama, P. R., DO HEREBY CERTIFY:

"That the foregoing is a true and faithful copy of the stenographic notes taken by me the day of the hearing of this case, as well as of all the testimony offered, of the evidence adduced, of all orders entered, of the rulings and statements of the Court, of all objections and exceptions raised and taken by counsel for the parties, and of all questions related thereto.

"I further certify: That the foregoing transcript has been prepared by a stenographer employed by Attorney Harry F. Besosa and that a comparison of said transcript by me showed that it is a true and faithful copy of what happened at the hearing of this case; that on this date I have delivered the original of this transcript of the evidence to the clerk of the District Court of Guayama, P. R., and that I have also handed copies thereof personally to Attorney Harry F. Besosa and to Tomás Bernardini de la Huerta, Attorney for the defendant."

It may be conceded that a transcript made by an employee of appellant's attorney should be scrutinized more closely by the district judge than one prepared by the court stenographer. Nevertheless, it is the trial judge, not the stenographer, who, by the terms of the statute, must determine

whether or not the transcript is correct and must vouch for its accuracy. He may feel that he can rely with greater confidence upon a transcript prepared by the court stenographer than upon one prepared by the stenographer of counsel for appellant, compared by the court stenographer with his notes and certified by him to be correct; but this, without more, cannot justify the refusal to consider a transcript which the court stenographer had certified to be correct, which, according to the trial judge's own recollection of what occurred at the trial, is correct, and which appellee has not challenged as incomplete or inaccurate in any detail. The court stenographer is always available as a witness in case of doubt or dispute. A transcript which he has carefully compared with his notes taken at the trial and has certified to be correct is a substantial compliance with the statutory requirement and should not be stricken from the files merely because it was not typewritten by him. If found upon examination to be incorrect, the trial judge, of course, is no more obliged to approve such a transcript than he would be obliged to approve a defective transcript actually prepared by the court stenographer. The important question is, not who was the typist, but does the transcript speak the truth?

The ruling appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Wolf dissented.